PHILIP C. JONES, Administrator of BENJAMIN P. SHREVE, deceased, *v.* EDWARD L. WELLS and SAMUEL SAPPINGTON, trading under the name and style of WELLS & SAPPINGTON.

The plaintiff, who resided out of the State, as the endorsee of five several promissory notes amounting in the aggregate to $2583 50, made and delivered out of the State, by makers living out of the State, to the order of payees living out of the State, and by them endorsed out of the State, proceeded by foreign attachment sued out of this court more than six years after the maturity of the notes, to recover the amount of them here out of the makers, the defendants. On the return of the attachment, the defendants appeared, gave special bail and dissolved it, and to the declaration of the plaintiff in the action thereupon commenced, pleaded among other pleas, the statute of limitations, to which the plaintiff specially replied " that at the time when the said cause of action accrued against the said defendants in said declaration mentioned, they the said defendants were, and each of them was, out of the State of Delaware, and that they the said defendants did both of them at the accruing of the said causes of action reside out of the said State of Delaware, and from thence until the present time, they and each of them, have resided out of the said State and without the jurisdiction of said court ; " and to this replication of the plain-

27

tiff, the defendant demurred generally. Held that under the 14th section of the statute of limitations, *Revised Code*, 441, which provides, "If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced, within the time herein limited therefor, after such person shall come into the State in such manner, that by reasonable diligence, he may be served with process; and if after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action," the limitation, or bar of the statute did not attach and begin to run in such case against the plaintiff and his causes of action, as the defendants were out of the State at the time of the accruing of the causes of action, notwithstanding they may have never afterward come into it, so as to be served personally with process; and that the plaintiff in the action was entitled to judgment on his replication and the general demurrer of the defendants to it.

If the defendant is out of the State when the cause of action accrues against him, the statute of limitations does not begin to run against it, until he has come into the State in such manner that with reasonable diligence he may be served with process in the action; and such is the case, notwithstanding the contract was made, and the parties to it, resided at the time and still reside, out of the State.

*On Demurrer.* This was an action of assumpsit commenced by foreign attachment, on five several promissory notes dated respectively June 26, 1851, payable in four months, for $500; July 17, 1851, payable in four months, for $500; August 11, 1851, payable in four months, for $500; August 28, 1851, payable in four months, for $500, and September 18, 1851, payable in four months, for $583 50, made and delivered by the defendants, Wells & Sappington, to the firm of W. & J. Sooy, or order, and by the latter endorsed in blank, entered on the back of each of the notes, July 28th, 1856; and which came to the hands of Shreve, the plaintiff's decedent, after their endorsement and maturity. The foreign attachment of the plaintiff was sued out more than six years after the maturity of the last, and of course, of all of the other notes; and at the term of the court to which it was returnable, the defendants appeared, gave special bail to the action and dissolved the attachment. Declaration was

thereupon filed by the plaintiff on the several promissory notes, to which the defendants pleaded among other pleas, the statute of limitations.    To this plea, the plaintiff replied specially, that at the time when the said causes of action accrued against the said defendants in said declaration mentioned, they the said defendants, were and each of them was out of the State of Delaware, and that they, the said defendants, did both of them at the accruing of the said causes of action reside out of the said State of Delaware, and from thence until the present time, have each of them resided out of the said State and without the jurisdiction of said Court.    And to this replication the defendants demurred generally.    The case came on for argument upon this plea, replication and demurrer, at the last term ; but the court reserved it for advisement until the present term, when the decision and judgment of the court was announced as is herein after stated.

*E. D. Cullen*, for the defendants : The first ground of objection which he should take in support of the demurrer and to the legal sufficiency of the replication to the plea of the statute of limitations pleaded by the defendants in the action, was this ; the court would observe that notwithstanding the replication was even unnecessarily particular and repetitious perhaps, in averring the only fact alleged in it, that at the time of the accruing of the causes of action, the defendants in the case resided out of the State and that they had ever since resided out of it and without the jurisdiction of this court, it no where, either directly, or even by implication, alleged what was equally material and necessary to be averred in the replication under the provision of the act on which it depended and under which it had been pleaded, that the present action was commenced within the time limited therefor by the statute, after the defendants, or either of them, had come into the State.    This allegation was clearly essential and necessary under the language and a proper consideration and construction of the

provision referred to in the replication, and the omission of it was a material and substantial error, and must prove fatal to it on general demurrer. The provision of the statute was as follows : " If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced, within the time herein limited therefor, after such person shall come into the State in such manner, that, by reasonable diligence he may be served with process ; " and the residue of the section, which, however, did not apply to the present case, was in these words : " and if after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action." *Rev. Code* 441, *Sec.* 14. In the case before the court, it was alleged in the replication itself, that when the causes of action accrued, the defendants were out of the State and then resided out of the State and had ever since resided out of it, which was true. The case therefore fell under the first, and not under the latter paragraph of the section of the statute just cited. The further averment in the replication which he had indicated and for which he contended, was therefore material and essentially necessary ; because the right of the plaintiff to institute and commence the action after the period first limited and appointed by the statute for the commencement of it, which in a case like this, was six years from the accruing of the cause of action, had elapsed and expired, and the *prima facie* bar which it thus interposed, had occurred in the case, was only saved by the exception provided for in the subsequent section which he had cited, from and after such time as the defendants should thereafter have come into the State in such manner that, by reasonable diligence, they might have been served with the process of the court in such action, and not until that time ; or in other words, if the plaintiff, having commenced this suit

by foreign attachment against the defendants whilst they were yet out of the State and residing out of it, on a cause of action which he admitted had accrued against them whilst they were out of the State and were residing out of it, more than six years after it had accrued, would now in his replication to the plea of the first limitation prescribed in the statute, bring his case within the saving and exception comprised in the first paragraph of the 14th section, he must do so, if not in the strict and literal terms, at least, within the clear and unequivocal meaning and intention of it. *Ang. on Lim*, 319. *Ch. Pl.* 1160. *Blanch, on Lim*, 250. *No.* 1 *Law Libr.*, 102. *Wilk. on Lim*, 39. *Tillingh, Forms*, 537. 3 *Johns*, 263. 1 *Esp. N. P.*, 150.

And this was required not only by the provisions of the statute itself, and all the forms cited and to be found in works of pleading upon the subject, but it was in the highest degree material that the time of the defendants having come into the State, so that he could be served with process, should be alleged in the replication, and that the action was commenced within the time limited therefor after such coming into the State, in order that it might appear on the face of the replications and pleadings and the record of the case, that the action was comenced under the circumstances, within the time prescribed for it by the statute; for otherwise, it might be that the suit was not commenced until twenty years, or more after the defendant's coming into the State so as to be served with process, although he might have been in and out of it a thousand times in the meanwhile, and each time in such manner that with reasonable diligence, he might have been served with process and been compelled to appear to the action; which clearly could not be sanctioned, or tolerated, because it would not bring the case within the saving and exception of the 14th section, but would directly contravene and violate the palpable meaning and spirit of that, as well as of every other provision of the statute. But the defendants in this action were not only out of the State and residing

out of it, when the causes of action accrued, but they were still out of it and residing out of it, and had never since been in it up to the time of the commencement of this suit, and not until after this foreign attachment was issued in the case, when they came into it for the first time after the accruing of the causes of action upon these promissory notes, and appeared in this court for the purpose of giving special bail in order to dissolve the attachment and to prevent judgment from going against them on these stale demands without even the decency of a trial, or the formality of a hearing before a court and jury. And this was not all, as to the origin and history of this extraordinary case; for in addition to the facts stated, by leave of the court, he would further say, that the decedent of the plaintiff, was also out of the State and resided out of it when this cause of action accrued, and never was in it for aught he knew;—that the cause of action itself, accrued out of the State, the promissory notes were given out of the State, to payees out of the State, and who never were in the State, and also by makers out of the State; and no one, in fine, who had ever had any connection with them, or anything to do with them had ever been in the State since they were given, except Mr. Wells perhaps, one of the defendants, who was a native of the county and owned property in it, and the present plaintiff, this administrator. Could it then be possible that this saving, or exception in our statute of limitations means that party plaintiffs residing out of this State, can come into the State and into our courts, and sue parties defendants likewise residing out of it, or even in it, if you please, at their will and pleasure, ease, leisure and convenience, without any restriction, or limitation whatever, as to the time when their peculiarly favored causes of action may have accrued? For such, and nothing less, must be the effect and operation of the provision in question, if this replication could be sustained. He could perceive no escape from this result and this conclusion, as startling as it might seem to be,

if he was not sustained in the view which he had taken of it; and he therefore maintained that the estate of Benjamin P. Shreve, although he was out of the State when this cause of action accrued, was barred in six years thereafter under our statute, notwithstanding he might have continued out of it from that time up to the period of his decease, for this saving in the statute was designed to protect and preserve the rights of our own citizens, or of resident plaintiffs, rather than of non-resident parties.

*Robinson*, for the plaintiff: This action was commenced by foreign attachment in the lifetime of the decedent, and the defendants appeared and gave special bail and dissolved it. Subsequently the plaintiff died: Philip C. Jones, a gentleman of this county well known to the court, was appointed his administrator and upon the suggestion of the death of the deceased and the appointment of Mr. Jones as his administrator and on motion made for that purpose, he was admitted party plaintiff to prosecute the action without abatement. And that was all he deemed it necessary to say in relation to his connection with the case.

Neither the plaintiff in the action, nor his counsel denied that more than six years had elapsed after the accruing of the causes of action in the case, before this suit was instituted. But if the defendants, who resided out of the State and were out of it at that time, or either of them had since been in the State and within the last six years before the commencement of this suit, so that with the exercise of reasonable diligence on the part of the plaintiff, he or they might have been served with process, the counsel for the defendants should have specially rejoined that fact to the replication and tendered an issue to us upon it, so that we could have tried and determined whether such had been the case, and not have demurred to it, as they had done. To have done so on their part would have constituted an affirmative averment on the record; for the plaintiff to have denied it in the replica-

tion, as they had contended it should have been done, would have been a negative averment on the part of the plaintiff, and would have been liable to the additional objection, that it would look like an effort to anticipate and forestall matter more properly to come by way of defence from the other side; if indeed, there was any such defence in the case, but which he denied. If he apprehended the argument on the other side and it was sound, it amounted to this; that after the appearance of the defendants to the foreign attachment and they had entered special bail and dissolved it, the plaintiff should have abandoned the suit and thereupon commenced a new action against them, in order to bring the case within the literal terms of the saving contained in the first paragraph of the 14th section of the statute. But this could not be so. The action had been commenced in a legal and regular method, and in the only way then practicable under the circumstances, within the power and jurisdiction of this tribunal, and it was the duty, as well as the interest of the plaintiff, to proceed with it, and the court must so consider it, unless indeed, he had made up his mind to abandon the prosecution of the demand altogether. For to have commenced a new action would not only have released and discharged the special bail already entered, but would have subjected the plaintiff to the hazard of failing to obtain personal service of a different form of process on the defendants.

The *lex loci*, or law of the place where a contract is made, applies and governs in all questions touching the validity and effect of it; but it was not so with regard to the remedy upon it, for that was governed by the *lex fori*, or law of the forum or jurisdiction in which the contract was sought to be enforced and was transitory in its legal character. And such being the familiar and well-settled principle on the subject, and the law as to the validity, effect and operations of these promissory notes, being precisely the same here as in the State where they were made and delivered, the remedy for the recovery

of the money due upon them, which might be sued for here, as well as there, when sought to be enforced in this State, must be exclusively governed and controlled by the statute of limitations of this State, precisely the same as if the notes had been made and delivered here to a person residing here, and who never had been beyond the limits of it in his life. For the only question of fact, material, or necessary to be considered and determined on this point, was not where the notes were made and delivered, not where the party payee, endorsee, or the plaintiff in the action was, or resided at the time, or even now resided, but the simple question of fact to be considered and determined under this provision of the statute was, that other and far more important question to be answered on the other side, and which the demurrer only sought to blink and evade, where were the defendants when the cause of action accrued ? Were they not out of the State ? The demurrer itself, admits and confesses they were ; and if so, then the express words of the statute proclaim that the action was not barred so long as they continued out of it, nor until six years after they had since come into it in such manner that by reasonable diligence, they might have been served with process from our courts. And if such, as he had before remarked, was the case, it was not for the plaintiff to negative, or deny it in advance in his replication to the plea, but it would be incumbent upon the defendants to rejoin it specially, to affirmatively aver and disclose it in their rejoinder to the replication, and to affirmatively prove and establish it on the trial as alleged ; since a contrary ruling on the question of special pleading involved in the issue presented by the demurrer would devolve upon the plaintiff, not only the duty of alleging a formal negative on the record of the pleadings, but also the burden of proving a negative on the trial; for if the plaintiff was bound to aver it, he would be bound to prove it as alleged.

28

*C. S. Layton,* on the same side: It had been decided and was now a settled principle of law, that no cause of action accrues, or can accrue in the legal and technical signification and meaning of those terms, until there was a party in *esse* capable of suing, and also a party in *esse* capable of being sued; and so far as the provision of the statute in question was concerned, and which, of course, applied only to causes of action when the remedies upon them were sought here under the jurisdiction of our courts, it seemed to proceed on the basis and recognition of this principle, for the savings in it only recognized what was literally and strictly true both in law and in point of fact, that so far as the remedy in this State was concerned, and so long as the defendant continued out of it, there was no party capable of being sued here upon it; and therefore it provided what was equivalent for this purpose, to saying that in such a case there should be no accrual of the cause of action, until the defendant should come into it, so as to be sued, or be capable of being sued here; for it did in effect, the same thing by providing in the saving referred to, that the preceding limitation of actions prescribed in the statute, should not accrue, or attach, or begin to run against the claim of any plaintiff, no matter where he might reside, or where it might have originated, if the defendant was out of this State when the demand arose, nor until he had afterward come into it in such a manner as with reasonable diligence the plaintiff might have been capable of suing him here; and that even then and in that case the action should not be barred, if it should be on a promissory note, until after the expiration of six years from the time of his so coming into the State, which was the same as the time originally limited for the commencement of a similar suit, when the parties were both in the State and there was no such disability of either suing, or being sued in the case.

The objection on the other side, however, was that the replication that the defendants in this action were out of

the State at the accruing of the cause of it, and had since resided out of the State, was defective and fatal on demurrer, because it did not further allege that they had since come into it at a certain time to be stated therein, and which, of course, imported and implied the occasion of their first coming into it thereafter, in such a manner that with reasonable diligence they might have been served with process at that time, and that this action was commenced within six years thereafter. This it was contended on the other side, when we come critically to consider and to analyze the argument made in support of it, it was essentially necessary to add to the averments already contained in the replication, in order to bring the case of the plaintiff in the action within the meaning and the saving of the first paragraph of the 14th section of the statute. Well now, without stopping to comment on the singularity, complexity and oddity of such a replication as all this would have presented, he would simply say that it was not only unnecessary, even if the facts of the case in this instance had warranted it, but in point of fact it was impossible for the counsel of the plaintiff to draft such a replication consistently with truth; because the defendants never had, previous to their appearance to the writ of foreign attachment by which the suit was instituted, come into the State at all, or in any manner, since the accruing of the cause of action. The simple question presented for the consideration of the court then was this; it having been conceded on the other side and could not be denied, that non-residents may sue here on causes of action accruing out of the State against non-residents, and that a plaintiff living out of the State may sue out a foreign attachment here against a non-resident, have we any statute of limitation against such a demand and against such an action, and as we most assuredly have, was it not embraced and saved in the exception contained in the 14th section according to the true meaning and construction and evident intention and object of it?

*E. D. Cullen,* in reply : By the 8th section of the stat-
ute of limitations, this action was barred after six years
from the accruing of the cause of it, unless it was replied
to the plea based on this primary and leading provision
of it, and proved that the case was embraced within the
subsequent saving and exception contained in the 14th
section of it.   It was admitted in the replication and it
also appeared from the record and from the date of the
issuing of the foreign attachment, the declaration filed
and the dates of the promissory notes which were cor-
rectly stated in it, that more than six years had elapsed
since the accruing of the cause of action upon them, be-
fore this suit was instituted.   But the court would not
judicially notice this fact although appearing by the
record, and therefore the statute and this limitation had
to be specially pleaded by the defendants; and it was
done.   But the plaintiff contends that notwithstanding
this fact, his cause of action is not barred.   And how
had he shown it?   By attempting to bring it within the
saving and exception of the 14th section, without even
alleging one of the only two essential facts absolutely
necessary to be stated, in order to bring the case within
that saving.   It clearly was not sufficient for him simply
to reply (for all the rest of his replication about the de-
fendants' having then and afterwards resided out of the
State, was mere surplusage and had nothing to do with
the legal merits of the case) that at the accruing of the
cause of action, the defendants were out of the State ;
but in order to bring it within the true meaning, as well
as the letter and express provision and purpose of this
section and saving, he should have further alleged that
they had since come into the State and had been served
with process and that the action thereon had been com-
menced within six years thereafter.   It would not be
necessary to allege the day and date of their so having
come in ; but even under this saving, the secondary bar
of the statute would again begin to run against the cause
of action from the date and period of their having first

come in thereafter, so as to be served with process.    That was what he had contended for, and so much at least to say no more, the plaintiff was bound to allege and set forth in his replication, and if he could not do so consistently with the facts and truth of the case, then he could not bring it within either the meaning, or the words of the saving in question and was therefore not entitled to the benefit of it.    If the replication had been so drawn, the defendants would have traversed it, and then the issue to be tried, would have simply been under this saving of the statute, whether the action had been commenced within six years after the defendants had first come into the State, in such manner that with reasonable diligence on the part of the plaintiff, they might have been served with process.    This was evidently the meaning and design of the saving in question; and it clearly showed that it never was the meaning, or purpose of the legislature that these foreign claims and demands arising out of the State and between parties, all of them at the time out of the State, and residing out of it, should be forever suspended over the judicial tribunals of the State, and that action could be commenced upon them here at any time without any limitation, whenever they might see proper to begin them in this easy and convenient method; and which, by the way, required no saving to preserve the cause of action, or the action upon it, because the defendant was out of the State when it accrued against him ; since a foreign attachment could be sued out at any moment against such a party, and could not be sued out against any other.

But suppose the plaintiff in this case had replied to our plea of the statute, that subsequently to the accruing of the cause of action, the defendants came into the State and that his action was commenced within six years thereafter.    In that case the defendants might have rejoined specially to the replication, and possibly the facts of the case might have warranted them in so rejoining, that nevertheless the defendants before that time, and

more than six years before the commencement of the action, and after the accruing of the said cause of action, had come into the State, to wit, at such a time and with reasonable diligence on the part of the plaintiff, might then have been served with process. But if such had been the facts in the case, with the replication as it now stood, the defendants could have made no such rejoinder, because it would have been a complete *non sequitur* to the only material fact alleged in the replication, and no rational answer or rejoinder could have been made to it, and it would therefore have involved on the part of the defendants, a fatal departure from it in the pleadings; and if the replication was good as it stood, such a rejoinder for this reason would not only have been demurrable, but the court might even have set it aside on motion. The replication of this saving in the statute must be the same as the replication of the saving of infancy, coverture, or incompetency of mind. And if this was so, for the sake of illustration, take the case of infancy: a plaintiff sues for a cause of action which accrued whilst he was an infant under the age of twenty-one years, and the defendant pleads the statute of limitations. What must be the plaintiff's replication to this plea of the statute? Simply that he was an infant when the cause of action accrued, and nothing more? Certainly not; for that would not bring his case within the saving contemplated. He must therefore allege further, and that the said action was brought and commenced within three, or six years as the law might be, after he had attained his full age, or majority; and if he failed to do that, his replication would clearly be demurrable, for it would not be in law and in the contemplation of the statute, a sufficient reply to the plea of the defendant founded upon it.

As before stated, the demurrer in this case was argued at the last term, and now at this term the majority of the court gave judgment for the plaintiff against the defendants in the action, overruling the demurrer, ad-

verting to the marked difference between the provisions of the former and recent statute of limitations in respect to such cases, *Dig. of* 1829 *p.* 393, *sec.* 9. *Rev. Code, p.* 441, *sec.* 14, and upon the ground that the recent statute which was in question, and the limitation and bar which it interposes, does not attach and begin to run against the plaintiff in the action, in such a case as this, when the defendant is ont of the State at the time of the accruing of the cause of action against him so long as he continues out of it, nor until he has afterward come into it in such manner that by the exercise of reasonable diligence on the part of the plaintiff, he might be served with process and a suit upon it here be commenced against him ; or in other words that the limitations and bar of the statute did not, and could not commence running against the cause of action of the plaintiff in such a case, until the defendants had after the accruing of it, come into this State and within the jurisdiction of the courts here, so as to be served with process.

*Houston J.*, dissented, and was of the opinion that the demurrer ought to be sustained on the ground that the replication of the plaintiff was not sufficient in substance to bring the case within the saving of the statute in question.

*Robinson* and *C. S. Layton*, for plaintiff.

*McFee, C. H.* and *E. D. Cullen*, for defendants.